# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DAVID L. CARLTON,                                    *

Plaintiff,                                           *

v.                                                   *          Civil Action No. JRR-24-0514

SHANE WEBER, Warden, et al.,                         *

Defendants.                                          *
                                                   ***

## MEMORANDUM OPINION

Pending is Plaintiff Carlton's motion requesting that the Court reconsider its Order dated July 31, 2024, dismissing the Complaint without prejudice for failure to timely file an amended complaint. ECF No. 16. Carlton's Amended Complaint and Supplement to the Amended Complaint have since been received. ECF Nos. 14, 15. For good cause show, the motion will be granted and the case will be reopened.

The verified inmate account statement, filed pursuant to this Court's Order, reflects a six-month average account balance of $85.26 and average monthly deposits of $25.00. ECF No. 9. Carlton will be required to pay the sum of $17.05 (20% of $85.26) as the initial partial filing fee.

The Court previously reviewed the initial Complaint for sufficiency pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). ECF No. 8. The Court dismissed several Defendants for whom Carlton had not stated a claim for relief and Carlton was directed to amend his complaint to include sufficient allegations for the remaining Defendants. *Id.*

The Court now reviews the Amended Complaint and Supplement to the Amended Complaint. ECF Nos. 14, 15. The Amended Complaint alleges that Defendants have caused delays and denials of necessary medical treatment while he has been in state custody. ECF No. 14. He

complains specifically that since June 8, 2020, he has not received adequate medical care for Dupuytren Contracture disease, and this has left him unable to properly use his left hand and left foot. *Id.* 7-14. Carlton further complains that since March 14, 2019, he has not received proper medical care for pain and bone fragments in his right elbow. *Id.* at 14-15. Carlton also complains that although he should be receiving chronic care for his diagnosis of Hepatitis C, he is not. *Id.* at 15-16. Carlton brings Fourteenth Amendment claims related to the processing of grievances he filed and Eighth Amendment claims pertaining to the delay and denial of medical care. *Id.* at 18-21. Carlton seeks declaratory and injunctive relief and monetary damages. *Id.* at 21-22.

**Fourteenth Amendment Claims**

Carlton alleges that Defendants Weber, Cartwright, Jenkins and Woolford violated his Fourteenth Amendment due process rights based on the manner in which his grievances related to medical care were processed. ECF No. 14 at 21. Carlton's due process claims may not proceed because prisoners "have no constitutional entitlement or due process interest in access to a grievance procedure." *See Prigg v. Baltimore Cnty. Dep't of Corr.,* Civil Action No. JRR-22-3105, 2022 WL 17989640, at *2 (D. Md. Dec. 29, 2022) citing *Booker v. S.C. Dep't of Corr.,* 855 F.3d 533, 541(4th Cir. 2017) (discussing *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); also citing *Robinson v. Wexford*, No. ELH-17-1467, 2017 WL 4838785, at *3 (D. Md. Oct. 26, 2017) ("[E]ven assuming, arguendo, that defendants ... did not satisfactorily investigate or respond to plaintiff's administrative grievances, no underlying constitutional claim has been stated" because " 'inmates have no constitutional entitlement or due process interest in access to a grievance procedure.' ") (quoting *Booker*, 855 F.3d at 541).

Carlton's due process claims against Defendants Weber, Cartwright, Jenkins and Woolford will be dismissed.

**Eighth Amendment Claims**

Carlton alleges that Defendants are responsible for violating his Eight Amendment rights pertaining to delays and denials in providing medical care. ECF No. 14 at 18-21.  He brings these claims against all Defendants, which include medical providers and corrections employees in both their respective individual and official capacities.  *Id.* at 3-6.  Carlton seeks monetary damages and declaratory relief against each Defendant, and injunctive relief against Defendants Weber, Tesfaye, Getachew, Ernst, Bartle and Unknown Utilization Management staff.  ECF No. 14 at 21-22.

Defendants are immune from damage claims brought against them in their official capacities based on the Eleventh Amendment to the United States Constitution, which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. AMEND. XI.  In effect, the Eleventh Amendment bars suits for damages against a state in federal court unless the state has waived sovereign immunity or Congress has abrogated its immunity.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").  Further, "a suit against a state official in his or her official capacity is . . . a suit against the official's office" and thus is the equivalent of "a suit against the State itself."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Although Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* MD. CODE ANN., STATE GOV'T § 12-201(a), it has not waived its Eleventh Amendment immunity with respect to a suit of this kind in federal court.  Each of the Defendants

in this case is a state official or employee, and Carlton's official capacity claims against Defendants are construed as a matter of law as an action against the State itself.  Accordingly, Eleventh Amendment immunity bars official capacity claims against Defendants for damages, and those claims will be dismissed.

Carlton's claims against Defendants in their official capacities for declaratory and injunctive relief may, however, go forward.  The Supreme Court's decision in *Ex Parte Young*, 209 U.S. 123 (1908), "permits citizens to sue state officials to enjoin the enforcement of unconstitutional laws," creating "an exception to the general constitutional command that federal courts do not have jurisdiction over suits by citizens against the states." *Lyle v. Griffith,* 240 F.3d 404, 412 (4th Cir. 2001).  "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md., Inc. v. Pub. Service Com'n of Md.,* 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)).  *See also Bragg v. W.Va. Coal Ass'n*, 248 F.3d 275, 292 (4th Cir. 2001) citing *Ex parte Young,* 209 U.S. 123 ("the Eleventh Amendment does not preclude private individuals from bringing suit against State officials for prospective injunctive or declaratory relief designed to remedy ongoing violations of federal law.")

As Carlton alleges ongoing violation of his Eighth Amendment rights and seeks medical care, his official capacity claims may proceed against Defendants as to declaratory and injunctive relief, but will be dismissed as to claims for damages.  Carlton's Eighth Amendment claims for damages may proceed against Defendants in their individual capacities.

A separate Order follows.

/S/

October 2, 2024

_____
Julie R. Rubin
United States District Judge